# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR CASTRO,<br><br>Defendant. | Case No.: 2:19-cr-00295-GMN-NJK<br><br>**REPORT AND RECOMMENDATION**<br>(Docket No. 260) |

This matter was referred to the undersigned Magistrate Judge on Defendant Salvador Castro's motion to dismiss indictment. Docket No. 260. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 260, 271, 284.

## I.  BACKGROUND

On November 12, 2019, a grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of making a false statement, in violation of 18 U.S.C. § 1001, and related forfeiture allegations. Docket No. 1. The indictment alleges that Defendant, along with five other co-defendants, operated a direct mail operation where they would mail fraudulent prize notification mailings to individuals informing the recipients that they had won a large cash prize which they could access upon the receipt of a small fee to one of several mailboxes across the United States. *See id.* at 2-9. The indictment further alleges that Defendant attempted to conceal the operation by creating shell corporations with straw owners to open bank accounts and rent mailboxes, and by making a false statement to United States Postal Inspectors about his personal knowledge of one of his business partners in the fraudulent scheme. *Id.* at 7-10. Defendant was arrested on November 13, 2019, and made his initial appearance before the Court on the same day. Docket Nos. 18, 33. At his detention hearing

1

on November 14, 2019, the Court ordered Defendant released on a personal recognizance bond with conditions. Docket Nos. 37, 43.

On February 15, 2018, before the indictment was issued in this case, the United States initiated a civil case seeking injunctive relief against six individuals and fourteen corporate defendants for the same conduct which underlies the instant criminal action. Docket Nos. 260 at 2, 271 at 2; *see also United States v. Kern, et al.*, 2:18-cv-00283. Defendant was an officer for Golden Products Services, one of the corporate defendants in the case. Docket Nos. 271 at 2. Defendant's involvement in the civil case ended on April 18, 2018, when the Court entered its order accepting the parties' consent decree. 2:18-cv-00283, ECF No. 37.

On February 18, 2022, Defendant filed the instant motion seeking dismissal of the indictment. Docket No. 260. Defendant seeks dismissal of the indictment pursuant to both the Due Process Clause of the Fifth Amendment and Federal Rule of Criminal Procedure 48(b). Docket No. 260. Defendant submits that the government unduly delayed obtaining the indictment for over a year, which relied not only on the same allegations underlying the 2018 civil case, but also relied on the same investigation efforts by the United States. *Id.* at 3-4.

Defendant submits that, because of the United States' delay in obtaining the indictment in this case, he is unable to use Epifanio Castro as a witness in his defense. *Id.* at 4. He submits that Epifanio Castro would have testified to being the only person who had blank forms for printing that were developed for the underlying fraudulent scheme and only printed them in the regular course of printing business. *Id.* at 4-5. Defendant submits that Epifanio Castro died in September 2019, before the indictment was obtained in this case, despite the United States having the information underlying the indictment at the time for nearly two years and being aware of the importance of Epifanio Castro's testimony. *Id.* at 8. Defendant asks the Court to find that the United States unduly delayed obtaining the indictment and to dismiss the indictment with prejudice. *Id.* at. 8-9.

In response, the United States submits that dismissal is unwarranted under Federal Rule of Criminal Procedure 48(b) or pursuant to the Due Process Clause of the Fifth Amendment. Docket No. 271 at 1-2. The United States submits that case law has clearly established that Rule 48(b)

relief is rarely proper but, when it is, it is limited to post-arrest pre-indictment delay. *Id.* at 3-4. Since Defendant was not arrested prior to his indictment, the United States asks the Court to deny him relief under Rule 48(b). *Id*. The United States further asks the Court to deny Defendant's request for relief under the Due Process Clause of the Fifth Amendment as Defendant fails to establish that he suffered actual, non-speculative prejudice as a result of the delay, which is a required showing under the case law. *Id.* at 4-6. The United States further submits that no undue delay occurred as, while a related civil case existed, the burdens are different in criminal and civil cases. *Id.* at 6. Moreover, the United States submit that there were different parties to the actions and ongoing investigative efforts have been recognized by courts as legitimate reasons to delay obtaining an indictment, which is a choice within the prosecution's discretion. *Id.* at 6-7.

**II.   ANALYSIS**

        A.   Evidentiary Hearing

The United States Court of Appeals for the Ninth Circuit has held that an evidentiary hearing on a motion need only be held if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (*citing United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990); *United States v. Irwin*, 613 F.2d 1182, 1187 (9th Cir. 1980); *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972).

The Court will not hold a hearing on a defendant's pre-trial motion "merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required." *Howell*, 231 F.3d at 621 (*citing Harris*, 914 F.2d at 933). The determination of whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court. *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir.), *amended by* 609 F.2d 433 (1979). In the instant case, Defendant requested an evidentiary hearing; however, the moving papers fail to "allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist." *Howell*, 231 F.3d at 620. The

Court will therefore decide the motion on the moving and responsive papers, including the exhibits submitted with the papers.

### B. Federal Rule of Criminal Procedure 48(b)

Rule 48(b) of the Federal Rules of Criminal Procedure states that the Court may dismiss an indictment if unnecessary delay occurs in presenting a charge to a grand jury, filing an information against a defendant, or bringing a defendant to trial. The rule protects against both unreasonable pre-indictment and post-indictment delay. *United States v. Hayden*, 860 F.2d 1438, 1485 (9th Cir. 1988). Dismissal with prejudice under Rule 48(b) should only be imposed in extreme circumstances and must be exercised with caution, after the United States has been forewarned that dismissal with prejudice is possible. *United States v. Simmons*, 536 F.2d 827, 834; *United States v. Hutchison*, 22 F.3d 846, 850 (9th Cir. 1985). Generally, dismissal is only appropriate when there is "delay that is purposeful and oppressive." *United States v. Sears, Roebuck and Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989). The protection afforded by Rule 48(b) is limited to post-arrest situations and does not apply to delay that occurs before the defendant is arrested for or charged with a crime. *Hayden,* 860 F.2d at 1485 (citing *United States v. Marion*, 404 U.S. 307, 319 (1971) ("The rule is clearly limited to post-arrest situations")). *See also United States v. Benitez*, 34 F.3d 1489, 1495 (9th Cir. 1994).

The Court finds that Defendant's request for dismissal pursuant to Federal Rule of Criminal Procedure 48(b) fails. Defendant was indicted on November 12, 2019, and was arrested the next day. Docket Nos. 1, 33. Given that Defendant was not arrested prior to being indicted in this case, Rule 48(b) is not an appropriate avenue under which to seek dismissal of the indictment against him. *Marion*, 404 U.S. at 319.

### C. Due Process

The Due Process Clause of the Fifth Amendment of the United States Constitution protects defendants from improper pre-indictment delay. *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989)). "Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations." *Id.* A statute of limitations provides a predictable, legislatively enacted

limit on prosecutorial delay. *United States v. Lovasco*, 431 U.S. 783, 789 (1977). In some circumstances, however, the Due Process Clause requires a dismissal of an indictment brought within the limitations period. *Corona-Verbera*, 509 F.3d at 1112. Dismissal is required where the United States' delay caused actual and substantial prejudice and the delay was an intentional device to gain a tactical advantage over the accused. *Id.*

When assessing claims that due process has been denied because of pre-indictment delay, courts assess whether two prongs have been satisfied. *Id.* First, the Court must find that Defendant has proved "actual, non-speculative prejudice from the delay." *Id.* (citing *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992)). This is "a heavy burden that is rarely met." *Id.* If actual, non-speculative prejudice is shown, the Court then weighs the length of the delay against the reasons for the delay. *Id.* The Court must find that Defendant has demonstrated that the delay "offends the fundamental conceptions of justice which lie at the base of our civil and political institutions." *Sherlock*, 962 F.2d at 1353-54 (citations omitted).

"Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *Corona-Verbera*, 509 F.3d at 1112 (quoting *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995)). A defendant must show that the lost testimony, witnesses, or evidence "meaningfully has impaired his ability to defend himself" and, further, the "proof must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial to [his] case." *Huntley*, 976 F.2d at 1290. This showing usually requires affidavits or other non-speculative proof. *Corona-Verbera*, 509 F.3d at 1113.

Defendant submits that he suffered prejudice because the delay in obtaining the indictment means that he will be unable to use testimony from Epifanio Castro as part of his defense presentation at trial. Defendant merely asserts that this witness would be critical to his defense, however, and relies on speculation as to the specific evidence to which Epifanio Castro might have testified at trial. Defendant offers no form of definitive or non-speculative evidence to support his assertions. Defendant, therefore, fails to make the showing required to establish actual prejudice. *See Corona-Verbera*, 509 F.3d at 1113.

Defendant's failure to demonstrate actual prejudice ends the Court's inquiry. The Court need not balance the length of delay against the reasons for delay as the threshold burden of establishing actual prejudice was not met. Defendant fails to establish that a due process violation under the Fifth Amendment has occurred.

### III. RECOMMENDATION

Based on the foregoing and good cause appearing therefore, **IT IS RECOMMENDED** that Defendant's motion to dismiss indictment, Docket No. 260, be **DENIED.**

IT IS SO ORDERED.

DATED: March 11, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).