UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SALVADOR CASTRO, *et al.*, )<br>)<br>Defendants. )<br>)<br>_____ ) | Case No.: 2:19-cr-00295-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss Indictment, (ECF No. 260), filed by Defendant Salvador Castro ("Defendant"). The Government filed a Response, (ECF No. 271), to which Defendant filed a Reply, (ECF No. 284).

Also pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Nancy J. Koppe, (ECF No. 300), counseling that the Court deny Defendant's Motion to Dismiss Indictment, (ECF No. 260). Defendant timely filed an Objection, (ECF No. 320), and the Government filed a Response, (ECF No. 324).

For the reasons discussed below, Defendant's Motion to Dismiss Indictment is **DENIED**, and the Report and Recommendation is **ACCEPTED and ADOPTED in full**.

**I.   BACKGROUND**

On November 12, 2019, a grand jury issued an Indictment charging Defendant with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of making a false statement, in violation of 18 U.S.C. § 1001, and related forfeiture allegations. (*See* Indictment 4:1–12:2, ECF No.1). Defendant moves to dismiss the Indictment under Fed. R. Crim. P. 48(b) and the Fifth Amendment's Due Process Clause, arguing that the Government unduly delayed obtaining the

Indictment for more than one year. (*See generally* Mot. Dismiss, ECF No. 260). Magistrate Judge Koppe provides a detailed review of the facts and procedural history of this matter in the R&R. (*See* R&R 1:14–3:10, ECF No. 300); (*see also* Mot. Dismiss ¶¶ 1–12); (Resp. Mot. Dismiss 2:8–3:13, ECF No. 271). In the R&R, Magistrate Judge Koppe recommends denying Defendant's Motion to Dismiss because he does not meet his burden under the theories he proposes. (*See* R&R 4:3–6:4). The R&R also denies Defendant's request for an evidentiary hearing. (*Id.* 3:12–4:2).

## II.  LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.  DISCUSSION

Defendant objects to both the Magistrate Judge's denial of an evidentiary hearing and her recommendation to deny his Motion to Dismiss. The Court discusses each in turn.

### A. Evidentiary Hearing

The R&R denies Defendant's request for an evidentiary hearing because Defendant's Motion to Dismiss and related papers do not provide allegations with enough "definiteness, clarity, and specificity" to demonstrate that issues of material fact exist. (R&R 3:25–4:2) (quoting *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000)). In his Objection, Defendant contends holding an evidentiary hearing is warranted because the parties dispute material facts. (*See* Obj. 2:13–5:23, ECF No. 320).

1    "An evidentiary hearing on a motion . . . need be held only when the moving papers
2    allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to
3    conclude that contested issues of [material] fact exist." *Howell*, 231 F.3d at 620 (citations
4    omitted).  The Court will not hold a hearing on a defendant's pre-trial motion "merely because
5    a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed
6    factual issue' exists such that a hearing is required." *Id.* at 621 (quoting *United States v. Harris*,
7    914 F.2d 927, 933 (7th Cir. 1990)).  It is within a district court's discretion to decide whether to
8    hold an evidentiary hearing. *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir.), *amended
9    by* 609 F.2d 433 (1979).

10   Here, Defendant's Motion to Dismiss fails to "allege facts with sufficient definiteness,
11   clarity, and specificity to enable the [Court] to conclude that contested issues of [material] fact
12   exist."  For example, Defendant contends that several "undeniable" facts demonstrate that the
13   Government delayed obtaining the Indictment. (*See* Obj. 2:14 –3:26).  However, the
14   "undeniable" facts Defendant points to are not contested. (*See* Resp. Obj. 4:3–23, ECF No.
15   324).  The only contested fact raised by Defendant is whether Epifanio Castro traveled to
16   Mexico before Defendant was indicted to evade arrest or because he was experiencing medical
17   issues. (*See* Obj. 4:24–5:2); (Resp. Obj. 4:12–15).  But Defendant fails to demonstrate how
18   Epifanio Castro's *motive* for traveling to Mexico is material to the issue of whether the
19   Government delayed obtaining the Indictment.  As such, the Court denies Defendant's request
20   for an evidentiary hearing. *See Howell*, 231 F.3d at 620.

21   **B.  Motion to Dismiss Indictment**

22   Next, the R&R recommends denying Defendant's Motion to Dismiss for two reasons.
23   First, dismissal under Fed. R. Crim. P. 48(b) is not triggered because Defendant was arrested
24   after the Government obtained the Indictment. (R&R 4:3–22).  Second, dismissal is
25   unwarranted under the Fifth Amendment's Due Process Clause because Defendant fails to

show the required "definitive or non-speculative evidence to support his assertions." (*Id.* 5:23–27). Defendant is effectively silent on the issue of Rule 48(b) but contends that he has suffered actual and specific prejudice because of the delay. (*See* Obj. 5:24–13:5). The Court first addresses Rule 48(b), then turns to the Due Process Clause.

### i. Fed. R. Crim. P. 48(b)

Under Rule 48(b), the Court may dismiss an indictment if the Government unnecessarily delays "presenting a charge to a grand jury." The protection afforded by Rule 48(b) is limited to post-arrest situations and does not apply to delay that occurs before a defendant is arrested for or charged with a crime. *United States v. Hayden*, 860 F.2d 1483, 1485 (9th Cir. 1988) (citing *United States v. Marion*, 404 U.S. 307, 319 (1971) ("The rule is clearly limited to post-arrest situations.")). Here, Defendant was arrested after he was indicted. (*Compare* Indictment), (*with* Arrest Warrant Returned Executed, ECF No. 33). As a result, dismissal under Rule 48(b) is unavailable.

### ii. Due Process Clause under the Fifth Amendment

The Due Process Clause of the Fifth Amendment of the United States Constitution protects defendants from improper pre-indictment delay. *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989)). When assessing claims that due process has been denied because of pre-indictment delay, courts assess whether two prongs have been satisfied. *Id.* First, the Court must find that Defendant has proved "actual, non-speculative prejudice from the delay." *Id.* (citing *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992)). This is "a heavy burden that is rarely met." *Id.* If actual, non-speculative prejudice is shown, the Court then weighs the length of the delay against the reasons for the delay. *Id.* The Court must find that Defendant has demonstrated that the delay "offends those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Sherlock*, 962 F.2d at 1353–54 (citations omitted).

"Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *Corona-Verbera*, 509 F.3d at 1112 (quoting *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995)). A defendant must show that the lost testimony, witnesses, or evidence "meaningfully has impaired his ability to defend himself" and, further, the "proof must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial to [his] case." *Huntley*, 976 F.2d at 1290. This showing usually requires affidavits or other non-speculative proof. *Corona-Verbera*, 509 F.3d at 1113.

Here, Defendant fails to show with "definite and non-speculative evidence" that his inability to depose Epifanio Castro is prejudicial to his case. Defendant contends "Epifanio Castro is an absolutely critical witness to his defense" but does not indicate with any "definite or non-speculative evidence" what that lost testimony could be. (*See* Obj. 11:11–14). Instead, Defendant speculates what Epifanio Castro "could have" testified under oath. (*See id.* 11:23–12:3); (Mot. Dismiss 4:25–5:6). As a result, Defendant does not satisfy the first prong of showing "actual, non-speculative prejudice" because of the Government's alleged pre-indictment delay. *Corona-Verbera*, 509 F.3d 1105, 1112; *Huntley*, 976 F.2d at 1290. Accordingly, the Court denies Defendant's Motion to Dismiss Indictment.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Indictment, (ECF No. 260), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 300), is **ACCEPTED and ADOPTED in full.**

**DATED** this __25__ day of August, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court