**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SALVADOR CASTRO, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:19-cr-00295-GMN-NJK <br><br> **ORDER** |

Pending before the Court is Defendant Salvador Castro's ("Defendant's") Motion to Strike, (ECF No. 287).[1]  The Government filed a Response, (ECF No. 312), but Defendant did not file a Reply.

For the reasons discussed below, the Court **DENIES** Defendant's Motion to Strike.

### I. BACKGROUND

On November 12, 2019, a grand jury issued an Indictment charging Defendant in this case with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, twelve counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of making a false statement, in violation of 18 U.S.C. § 1001, and a related forfeiture allegation. (*See* Indictment 4:1–12:2, ECF No. 1).  On March 2, 2022, the Government provided Defendants notice that it intended to admit evidence of three acts of Defendants, including that: (1) between 2007 and 2013, Defendants "printed fraudulent prize notifications for Glen Burke and that the defendants

---

[1] Defendant Jose Luis Mendez filed a Motion for Joinder to Defendant Salvador Castro's Motion to Strike. (*See generally* Mot. Joinder, ECF No. 304).  For good cause appearing, the Court **GRANTS** Defendant Jose Luis Mendez's Motion for Joinder.

knew that Burke's prize-notification operation was shut down as a result of a government enforcement action and that Burke was later criminally charged in connection with the prize notifications;" (2) Defendants "knew that, in 2010, the U.S. Postal Service brought cease-and-desist proceedings, resulting in a cease-and-desist order, against Richard Knowles related to fraudulent prize notifications;" and (3) Defendant Mario Castro, from 2010 to 2012, was "a partner in a mail scam involving a product called Citra-Slim and was subpoenaed by the Federal Trade Commission in connection with a government enforcement action related to Citra-Slim." (*See* Notice to Defendants, Ex. A to Mot. Strike at 1, ECF No. 287).  Defendant now moves the Court to strike the March 2, 2022, Notice. (*See generally* Mot. Strike, ECF No. 287).  The Government filed a Response, (ECF No. 312), but Defendant did not file a Reply.

## II.   DISCUSSION

Defendant argues the Court should strike the March 2, 2022, Notice because it is a disguised motion to admit the evidence referenced within it. (*See* Mot. Strike 2:9–4:28). However, as the Government correctly points out, the Notice was not a motion because it did not request action from the Court. (Gov.'s Resp. 2:1–11); *see also* Fed. R. Crim. P. 47(a) ("A party applying to the court for an order must do so by motion."); Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.").  The Government merely gave notice to Defendants that it may seek to introduce the evidence referenced within the Notice at trial.  Accordingly, the Court denies Defendant's Motion to Strike.[2]

///

---

[2] Defendant also argues that the March 2, 2022, Notice did not comply with LCR 12-2 or LR 1A 1-3(f) because the Government did not meet and confer with Defendant prior to sending the Notice. (*See* Mot. Strike 3:17–4:28).  However, neither LCR 12-1(b) nor LR 1A 1-3(f) apply here because, as discussed above, the March 2, 2022, Notice is not a motion seeking action from the Court.  As such, the Court rejects Defendant's argument.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Salvador Castro's Motion to Strike, (ECF No. 287), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Jose Luis Mendez's Motion for Joinder, (ECF No. 304), is **GRANTED**.

**DATED** this __22__ day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court